IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

_____

IN RE:                          §
ROBERT KEITH TOM,               §        CASE NO. 03-36450-H5-13
                                §
            Debtor.             §        ADVERSARY NO. 04-3640

_____

ROBERT KEITH TOM,               §
                                §
            Appellant,          §
                                §
v.                              §        CIVIL ACTION NO. H-05-1232
                                §
COUNTRYWIDE HOME LOANS, INC.,   §
                                §
            Appellee.           §


**<u>MEMORANDUM OPINION AND ORDER</u>**

Appellant, Robert Keith Tom, appeals the Judgment of the
Bankruptcy Court denying his claim for attorney's fees in an
adversary proceeding that he brought against Countrywide Home
Loans, Inc. (Countrywide) seeking injunctive relief and damages for
violation of the automatic stay under 11 U.S.C. § 362(h).[1]  For the
reasons explained below, the judgment of the Bankruptcy Court will
be reversed, and this action will be remanded to the Bankruptcy
Court for further proceedings.

_____

[1]See Brief of Appellant, Docket Entry No. 2, p. 1; and
Appellee's Opening Brief, Docket Entry No. 4, p. 2.

## I.  Factual and Procedural Background

The facts underlying this appeal are not in dispute.[2]  On May 5, 2003, Tom filed a voluntary petition under Chapter 13 of the Bankruptcy Code.[3]  On May 28, 2003, Countrywide filed a proof of claim that did not include an escrow shortage for unpaid real property taxes.[4]  On August 25, 2003, Tom's Chapter 13 Plan was confirmed.[5]  In July of 2004 Tom received a statement from Countrywide demanding $2,803.57 instead of the usual $1,564.07 for his monthly mortgage payment.[6]  The statement explained that the increased amount included a new monthly escrow payment of $1,239.51,[7] and that the new monthly escrow payment included a shortage payment of $721.47.[8]  It is undisputed that Countrywide's demand for a shortage payment violated the automatic stay, and that

_____

[2]See Appellee's Opening Brief, Docket Entry No. 4, p. 2, stating that "[t]he facts are not in dispute in this matter."

[3]See Docket Entry No. 1 in Docket Sheet for Adversary Action, included in the Record on Appeal (ROA).

[4]See Trial Exhibit 5 included in the ROA.

[5]See Trial Exhibit 4 included in the ROA.

[6]See Payment Coupons dated June 1, 2004, and July 15, 2004, Trial Exhibits 1 and 2 included in the ROA.

[7]See Payment Coupon dated July 15, 2004, Trial Exhibit 2 included in the ROA.

[8]Id.

although Tom telephoned Countrywide four or five times, Countrywide failed to rescind its demand for payment of the shortage.[9]

Unable to resolve the dispute over Countrywide's demand for payment of the shortage, Tom contacted an attorney who, on August 16, 2004, filed an adversary action against Countrywide seeking injunctive relief and damages under 11 U.S.C. § 362(h).[10] On August 27, 2004, Countrywide agreed to amend the proof of claim that it filed in Tom's bankruptcy case to include the pre-petition property tax claims and to withdraw its July demand for increased payments based on the withdrawn property taxes.[11]  On August 30, 2004, the Bankruptcy Court set the case for trial on a expedited basis.[12]

Trial on the issues of damages and attorney's fees was held on September 24, 2004.[13]  On February 15, 2005, the Bankruptcy Court signed a Judgment that awarded Tom $237 in actual damages consisting of $87 in lost wages and a $150 filing fee, but that

---

[9]See Brief of Appellant, Docket Entry No. 2, p. 2; and Trial Transcript (Tr.), included in the ROA, pp. 6, 20, and 22.

[10]See Complaint for Injunctive Relief included in the ROA.

[11]See Trial Exhibit 7 included in the ROA.  See also Tr. at pp. 16, 20-21.

[12]See Docket Entry No. 8 on Docket Sheet for Adversary Action, included in the ROA.

[13]See Judgment included in ROA.

denied Tom's claim for attorney's fees "based upon a specific and special finding that the prosecution of this adversary proceeding was not reasonably necessary to obtain the relief sought."[14]   The Bankruptcy Court also found that there was no prevailing party for the purpose of awarding any further costs or attorney's fees.[15]

## II.  Standard of Review

"The bankruptcy court's determination of attorneys' fees is reviewed for abuse of discretion, and its specific findings of fact supporting the award are reviewed for clear error." In re Fender, 12 F.3d 480, 487 (5th Cir.), cert. denied sub nom. Transamerican Natural Gas Corp. v. Zapata Partnership, Ltd., 114 S.Ct. 2165 (1994). See also In re Barron, 325 F.3d 690, 692 (5th Cir. 2003). The "abuse of discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." In re Barron, 325 F.3d at 692 (quoting In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999)).  This court reviews a bankruptcy court's conclusions of law and mixed questions of law and fact de novo. See In re Universal Seismic Associates, Inc., 288 F.3d 205, 207 (5th Cir. 2002); In re Texas Securities, Inc., 218 F.3d 443, 445 (5th Cir. 2000).  Deference to the trial court's decision "is

---

[14]Judgment, included in the ROA.

[15]Id.

-4-

the hallmark of abuse-of-discretion review." <u>General Electric Co.
v. Joiner</u>, 118 S.Ct. 512, 517 (1997).

### III.  <u>Discussion</u>

The Bankruptcy Court awarded Tom $237 in actual damages but denied his claim for attorney's fees upon finding that the adversary action was not necessary to obtain the relief sought, i.e., to resolve the dispute with Countrywide.  The Bankruptcy Court explained that

> in this particular case I find that the adversary was not necessary and I'm going to deny the attorney's fees.  I will allow the hours to Mr. Tom, as required to attend these proceedings and to take his time to do this.  There was, as correctly stated by counsel, a violation of the stay, which does not require scienter or a level of willfulness or intent to violate the stay.  Knowledge of the existence of the bankruptcy and the existence of the stay and actions in dereliction of the debtor's rights are sufficient to allow damages, although they are not sufficient to allow punitive damages, which is a different case than what we have here today.
>
> This is a situation in which, had the debtor called, had there been some efforts, and then no action taken, or if the creditor had proceeded to file a motion for relief from stay, the court would have struck it from the docket under those circumstances.  But there was time, and this Court's time, incurred unnecessarily and I do expect counsel to contact each other and to make a best efforts, going both ways, both for debtor and creditor.  And, consequently, I will enter judgment for the hours for Mr. — the debtor in this matter, Mr. Tom, and the costs of filing this proceeding, but no other under these circumstances.[16]

---

[16]Tr. at pp. 22-23.

Tom contends that the Bankruptcy Court abused its discretion by denying his claim for attorney's fees after finding that Countrywide's violation of the automatic stay was willful.[17]  Tom also contends that he is entitled to his attorney's fees for this appeal.[18]

Citing <u>In re Martinez</u>, 281 B.R. 883 (Bankr. W.D. Tex. 2002), Countrywide argues that the Bankruptcy Court did not abuse its discretion in denying Tom's claim for attorney's fees because it correctly concluded that the adversary action was not necessary to correct its violation of the automatic stay.[19]  Countrywide also argues that it "should be compensated for the attorneys' fees and costs required to defend this appeal."[20]

**A.    Attorney's Fees Incurred in Adversary Proceeding**

Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(h).  This section "creates a private remedy for one injured by a willful violation of a

---

[17]Brief of Appellant, Docket Entry No. 2, p. 2.

[18]<u>Id.</u> at p. 4.

[19]Appellee's Opening Brief, Docket Entry No. 4, pp. 2-5.

[20]<u>Id.</u> at p. 5.

section 362(a) stay." <u>Pettitt v. Baker</u>, 876 F.3d 456, 457 (5th Cir. 1989).

### 1. <u>Willfulness</u>

A violation of an automatic stay under § 362(h) is willful if the defendant knew of the automatic stay, and the defendant's actions violating the stay were intentional. <u>See</u> <u>Mitchell v. BankIllinois</u>, 316 B.R. 891, 901 (S.D. Tex. 2004) (citing <u>In re Knaus</u>, 889 F.2d 773, 775 (8th Cir. 1989) ("A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition.")).  Countrywide does not dispute that its action in sending Tom a demand for payment of pre-petition real property tax claims constituted a willful violation of the automatic stay, or that the Bankruptcy Court found its violation of the stay was willful.

### 2. <u>Damages</u>

A debtor injured by a creditor's willful violation of the automatic stay "shall recover actual damages, including costs and attorney's fees." 11 U.S.C. § 362(h).  Although § 362(h) unambiguously mandates the award of damages for willful violations of the automatic stay, splits of authority exist as to (1) whether the award of attorney's fees under § 362(h) requires a showing of other actual damages[21] and (2) whether there is a duty to attempt to

---

[21]Compare <u>Lovett v. Honeywell, Inc.</u>, 930 F.2d 625, 629 (8th Cir. 1991) (time expended bringing motion for temporary restraining

(continued...)

mitigate damages before filing an adversary action under § 362(h).[22]

<u>See</u> <u>In re Rijos</u>, 263 B.R. 382, 389-390 (1st Cir. BAP 2001).

     (a)  Attorney's Fees as Damages

At trial Countrywide urged the Bankruptcy Court not to award any damages.   Countrywide argued that

---

[21](...continued)
order and contempt sanctions not compensable absent other damages), <u>In re Hill</u>, 19 B.R. 375, 379-380 (Bankr. N.D. Tex. 1982) (disallowing attorney fees where debtor incurred no actual damage); <u>In re Still</u>, 117 B.R. 251, 254 (Bankr. E.D. Tex. 1990) (character-izing vast disparity between the actual damages allegedly suffered ($1,400) and the expenses related to recovery of those damages ($20,000) as "killing an ant with an elephant gun" and reason for denying costs and attorney's fees), with <u>In re Gagliardi</u>, 290 B.R. 808, 819-820 (Bankr. D. Colo. 2003) (use of word "including" in § 362(h) indicates that Congress considered fees as an example of actual damages and that arguments to the contrary contradict the express language of the statute); <u>In re Jackson</u>, 309 B.R. 33, 38 & n.6 (Bankr. W.D. Mo. 2004) (rejecting addition of actual damages to the requirements of a "willful violation" and an "injury" as being extra-statutory and unauthorized, and asserting that "a failure to provide remedies for violations of the automatic stay that do not result in quantified financial damages disembowels the protections afforded to debtors by 11 U.S.C. § 362 because, in the absence of exceptional circumstances, creditors could believe that continuing their collection activities in the hopes of coercing payments would only be a 'technical' violation of the automatic stay for which they might not be held accountable").

[22]Compare <u>Shadduck v. Rodolakis</u>, 221 B.R. 573, 585 (D. Mass. 1998) (courts have ruled that attorney's fees are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute prior to filing a motion for contempt and sanctions), with <u>Price v. Pediatric Academic Assoc., Inc.</u>, 175 B.R. 219 (S.D. Ohio 1994) ("it is improper to impose a blanket rule on all debtors requiring them to notify creditors to try to resolve the violations prior to filing a contempt motion").

what we have here in this situation is over-kill and premature.  Over-kill, $87 worth of damages, actual damages; $3,867 worth of attorney's fees.  That's absolute over-kill.  A letter of facts to our firm that said Countrywide has made a mistake, here is the mistake, please correct it; that's all it would have taken.  And that wasn't done.  A phone call, call me up, say, look, you guys are making a big mistake, don't bring the motion for relief from stay, don't do anything on this, have your client withdraw this.

. . .

I would ask the Court not to allow any damages in this case.  There was no reason to bring this complaint.[23]

The Bankruptcy Court found that Countrywide violated the stay and awarded Tom $87 in actual damages for lost wages and $150 for the cost of filing the adversary action, but denied his claim for attorney's fees upon finding that the adversary action was unnecessary to resolve his dispute with Countrywide.

Once the Bankruptcy Court found that Tom was injured by Countrywide's violation of the automatic stay, and that the damages he was entitled to recover arose from filing and participating in the adversary proceeding, attorney's fees reasonably necessary to bring that adversary action became a mandatory element of Tom's damages.  See In re Robinson, 228 B.R. 75, 86 (Bankr. E.D.N.Y. 1998) (where there is a willful violation, the violator must compensate a debtor's counsel for his reasonable response to the violation); In re Ramirez, 183 B.R. 583, 589 (9th Cir. BAP 1995) ("The words 'shall recover' indicate that Congress intended that

---

[23]Tr. at pp. 15-17.

the award of actual damages, costs, and attorney's fees be mandatory upon a finding of a willful violation of the stay.").

Nevertheless, attorney's fees must be reasonable and necessary. In re Robinson, 228 B.R. at 85. Reasonable and necessary fees do not include unnecessary litigation costs, and courts have greatly reduced awards of attorney's fees in cases where costs were incurred unnecessarily or under circumstances similar to those present in this case. Id. (citing In re Price, 179 B.R. 70, 73 (Bankr. S.D. Ohio 1995) (limiting fee award to $75 where legal fees and judicial time far exceeded the $13 in actual damages); In re Putnam, 167 B.R. at 741-742 (reducing attorney's fees by over 50% where the fees bore no relation to the amount of actual damages suffered and where the debtor did not attempt to settle the matter before filing the motion); In re Newell, 117 B.R. 323, 326 (Bankr. S.D. Ohio 1990) (awarding $150 and requiring notification of opposing counsel of the stay violation before permitting an award of attorney's fees); In re McLaughlin, 96 B.R. 554, 556 (Bankr. E.D. Pa. 1989) (reducing fees by over 50%)). Courts have determined that in certain circumstances § 362(h) actions are wasteful and that in such cases it is appropriate to limit the attorney's fee award to the amount that the attorney would have earned had he handled the matter more efficiently. Such circumstances have been identified as those where "the injury caused and damages incurred, other than attorneys' fees, only

amount to the cost of appearing in court to litigate the [adversary action]; the burden of requiring the debtor's attorney to notify the creditor of the violations is insignificant; and no bad faith on the part of the [creditor] exists." Price v. Pediatric Academic Ass'n, Inc., 175 B.R. 219, 221 (S.D. Ohio 1994).

Since it is undisputed that Countrywide willfully violated the automatic stay, and that the Bankruptcy Court awarded Tom actual damages for lost wages and for the cost of filing the adversary proceeding, the court concludes that the Bankruptcy Court abused its discretion when it denied Tom's claim for attorney's fees based on its finding that the adversary proceeding was unnecessary. The Bankruptcy Court's stated reason for denying Tom's claim for attorney's fees directly contradicts the Bankruptcy Court's award of damages to Tom for wages lost participating in the adversary proceeding and the cost of filing the adversary action. The court also concludes that the Bankruptcy Court abused its discretion by denying Tom's claim for attorney's fees without considering what amount of attorney's fees were necessary to obtain the relief sought in the adversary action. "To deny fees incurred litigating the [adversary action brought in this case] would inappropriately saddle a debtor or debtor's attorney with such expenses; violators would be able to deny compensation to a debtor's counsel knowing that his costs to litigate the [adversary action] would greatly exceed his reimbursement." In re Robinson, 228 B.R. at 86-87.

(b)  Duty to Mitigate

The Bankruptcy Court found that Tom telephoned Countrywide about the dispute but was unable to resolve it on his own, and that thereafter Tom called his attorney.[24]  The Bankruptcy Court found that Tom's attorney brought the adversary action and that, thereafter, Countrywide agreed to amend its proof of claim to include the real property taxes that had previously been paid, and to rescind its demand that Tom make increased payments based on the withdrawn property taxes.[25]  Countrywide does not dispute that despite Tom's offer to settle the adversary action before the TRO hearing, when the accrued attorney's fees were substantially less, Countrywide chose not to settle.[26]

As a preface to its denial of Tom's claim for attorney's fees the Bankruptcy Court stated that

> [i]t presents a real problem of the relationships between debtors in Chapter 13 cases in the Southern District of Texas and creditors filing proofs of claim or taking action in a pending Chapter 13 case.  Not infrequently a case is filed that — a motion for relief from stay is filed on behalf of a creditor, which this Court finds to be precipitous and is — in those circumstances relief is denied and no attorney's fees are allowed.

---

[24]Id. at p. 20.

[25]Id. at pp. 20-21.

[26]Id. at p. 10.

There is an attempt now to go forward with amending the proceedings in this Court, although the local rules will probably not be changed for at least — until all of these attempts are resolved, or approximately six to eight months. But those rules entail further cooperation between the parties and attempt to have further disclosure and economize the attorney's fees incurred on both sides of a Chapter 13, in this case, mortgage situation.[27]

Where the only damages to the debtor are the attorney's fees related to bringing a contempt action, some courts have held that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362(h) unless the debtor attempts to resolve the dispute before bringing the action.  See <u>In re Craine</u>, 206 B.R. 594, 598 (Bankr. M.D. Fla. 1997); <u>In re Brock Utilities & Grading, Inc.</u>, 185 B.R. 719, 720-721 (Bankr. E.D.N.C. 1995).  It is undisputed that before he called the attorney who brought his adversary action, Tom contacted Countrywide by telephone "four or five times" in unsuccessful efforts to resolve the dispute over Countrywide's demand for increased monthly mortgage payments.[28]  The Bankruptcy Court found that Tom had in fact unsuccessfully attempted to resolve his dispute with Countrywide before bringing the adversary action.[29]  Countrywide's argument that Tom's attorney should have notified its attorney of the dispute before filing the adversary

---

[27]<u>Id.</u> at pp. 21-22.

[28]<u>Id.</u> at p. 6.

[29]<u>Id.</u> at p. 20.

action, and the Bankruptcy Court's lament regarding the poor
relations between debtors and creditors in this district,
apparently stem from an analogy of § 362 sanctions with Rule 11
sanctions. See Kaufman v. United States, 1995 WL 569219, *1 (E.D.
La. 1995). "This analogy is flawed because nothing in § 362
requires mitigation of damages via notice such as is required by
Rule 11 of the Federal Rules of Civil Procedure." Id. Thus, the
Bankruptcy Court's reference to pending rule changes that may
require such notice are inapposite to the issue of what amount of
attorney's fees were reasonable and necessary in this case.

    3.   Conclusions

        Since it is undisputed that Countrywide willfully violated the
automatic stay, that based on this violation the Bankruptcy Court
awarded Tom actual damages for lost wages and for the cost of
filing the adversary proceeding, and that Tom unsuccessfully
attempted to resolve his dispute with Countrywide before seeking
assistance from the attorney who brought the adversary action, the
court concludes that the Bankruptcy Court abused its discretion
when it denied Tom's claim for attorney's fees for the stated
reason that the adversary proceeding was unnecessary. The
Bankruptcy Court also erred in denying Tom's claim for attorney's
fees without considering what amount of attorney's fees were
necessary to obtain the relief sought in the adversary action.

**B.   Attorney's Fees Incurred on Appeal**

Section 362(h) requires an award of actual damages, including reasonable attorney's fees, caused by violation of the automatic stay. Fees and costs experienced by the injured party in prosecuting an appeal are damages that result from violation of the automatic stay. See Mitchell, 316 B.R. at 904. Accordingly, the court concludes that Tom is entitled to reasonable costs and attorney's fees incurred in prosecuting this appeal.

## IV. Order

For the reasons explained above the February 15, 2005, Judgment of the Bankruptcy Court denying Tom's claim for attorney's fees is **REVERSED,** and this action is **REMANDED** to the Bankruptcy Court for determination of the reasonable and necessary attorney's fees incurred by Tom in prosecuting the adversary action and this appeal.

**SIGNED** at Houston, Texas, on this the 2nd day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

-15-